95 N.J. Super. 152 (1967)
230 A.2d 184
STATE OF NEW JERSEY, BY THE STATE HIGHWAY COMMISSIONER, PLAINTIFF-APPELLANT,
v.
PHILIP STARK AND MAX STARK, ALSO KNOWN AS MARK M. STARK, AS CO-PARTNERS, ET AL., DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Law Division.
Decided May 10, 1967.
*154 Mr. William J. McCormack, Deputy Attorney General, for appellant (Mr. Arthur J. Sills, Attorney General, attorney).
Mr. Walter Goldberg for respondents (Messrs. Goldberg & Carlin, attorneys).
PASHMAN, A.J.S.C.
This is a motion by the State to dismiss an appeal taken by it in a condemnation proceeding.
Pursuant to the provisions of N.J.S.A. 20:1-1 et seq., the court appointed commissioners in this matter. On May 13, 1966 the commissioners awarded the sum of $269,680 to defendants for the taking of their property for public use by plaintiff. Plaintiff appealed from this award. Notice of that appeal was served upon defendants contemporaneously with service of the commissioners' report. On August 26, 1966 a panel of struck jurors was selected for the trial of plaintiff's appeal. The trial has been adjourned on numerous occasions up to the present time. No appeal or cross-appeal from the commissioners' award was taken at the time by defendants.
The issue in the case at bar arises from plaintiff's decision not to proceed with its appeal. Defendants contend that plaintiff has no right to dismiss such an appeal.
*155 The prosecution of eminent domain actions in New Jersey is a two-step procedure. The first step has been completed here. It is an action at law for the appointment of commissioners, who are to make a just and equitable appraisement of the subject property. All issues raised as to the right to exercise the power of eminent domain and other preliminary matters are raised at this stage.
The second step in the procedure allows an appeal to be taken by parties in interest to the Superior Court from the commissioners' report, with the right to jury trial upon demand. The appeal is severed from the original action, and being separately docketed, it constitutes a de novo trial on the issue of the amount of compensation to be paid by the condemnor and results in a money judgment, which is subject to the same right of further appeal as any other judgment. As was stated by the court in State by & through Adams v. New Jersey Zinc Co., 40 N.J. 560 (1963), this second step is a permissive one.
The rule governing the second stage of the condemnation procedure is R.R. 4:92-6, which coincides with N.J.S.A. 20:1-16. R.R. 4:92-6 provides:
"(a) An appeal from the report of the commissioners shall be taken by filing a notice of appeal not later than 10 days after the date fixed for the filing of their report or after the service of a copy of such report by any party upon parties or persons in possession and parties who have an interest in each tract or parcel involved in the appeal and who shall have appeared personally or by attorney before the commissioners, whichever time is the earlier, but on application of any party the court may, for good cause shown, extend the time for not more than 30 days. The appellant in the notice of appeal may make a demand for a jury trial. If no such demand is made by the appellant, any other party may within 10 days after the service of such notice of appeal file a demand for a jury trial. The notice of appeal shall also include notice of an application for an order fixing the date of trial."
The Eminent Domain Act and our rules of court do not contain provisions specifically allowing or prohibiting dismissals of condemnation appeals once they have been undertaken. A statute, N.J.S.A. 20:1-30, permits the abandonment of *156 condemnation proceedings on terms within a specified time. It reads as follows:
"Any action or proceeding under this chapter may be abandoned at any time before the filing of the report of the commissioners, or within twenty days thereafter, or in the event of an appeal therefrom, before the entry of the judgment on the appeal or within twenty days after the entry thereof, provided there is paid to the owner and any other party who appeared in the action or proceeding, their reasonable costs, expenses and attorney fees as determined by the court, and provided a discharge of the notice of lis pendens is filed * * *".
N.J.S.A. 20:1-30 is not applicable to our situation. In the abandonment situation, the State relinquishes all claims to the land, i.e., it no longer desires what it originally wished to obtain. In the case at bar, plaintiff does not seek to abandon all proceedings. It still seeks to retain defendants' lands, which it considers essential for public purposes. Plaintiff at this time merely desires to avoid the necessity of a trial on appeal by withdrawing its objections to the award.
Since there are no specific provisions in support of plaintiff's motion to dismiss its appeal, plaintiff relies upon the general provisions of R.R. 4:42-1(b), which reads:
"Except as provided in Rule 4:42-1(a), an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper. If a counterclaim has been pleaded by a defendant prior to the service upon him of the plaintiff's motion to dismiss, the action shall not be dismissed against the defendant's objection unless the counterclaim can remain pending for independent adjudication by the court. Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice."
Defendants contend that R.R. 4:42-1(b) is not specifically applicable to condemnation proceedings. They further argue that once an appeal has been filed in condemnation matters, there is no right of dismissal over the objection of a landowner. The only method which would then be available to determine the amount due to defendants would be a trial de novo before a court and jury. Defendants cite the cases of *157 Metler v. Easton and Amboy Railroad Co., 37 N.J.L. 222 (Sup. Ct. 1874), and Waite v. Port Reading Railway Co., 48 N.J. Eq. 346 (Ch. 1891).
In general, the courts in those cases determined that once an appeal was taken in a condemnation proceeding, the award of the commissioners was superseded. Accordingly, the compensation was to be fixed anew by a jury verdict. These old cases, however, all arose under the old "General Railroad Law." In the main, the courts therein were concerned with the questions of the proper appropriation of the lands and the time for the paying of the just compensation. They did not deal specifically with the problem confronting this court: the dismissal of an appeal once taken.
In a later case, State by Highway Com'r v. Angleton, 89 N.J. Super. 85 (App. Div. 1965), our Appellate Diivsion stated:
"The thesis upon which plaintiff's [State's] argument is predicated is that when an appeal is taken in this type of proceeding the claims of the respective parties are litigated de novo and the prior proceedings before the commissioners, and the result thereof, are superseded and become of no effect. Thus, argues plaintiff, the rights and obligations of the respective parties are measured by the ultimate disposition of the court proceeding." (at p. 89)
The court in Angleton also was not faced with the specific question before this court. The Appellate Division was concerned with a question of interest to be paid, combined with the fact of a settlement which had been entered into by the parties.
Plaintiff's contention in that case was centered upon the theory that the consummated prior proceedings would be of no moment when the controversy was ultimately disposed of by a court proceeding. Defendants had filed an appeal. Thereafter, however, a settlement was reached and a stipulation of dismissal filed. At that time the appeal was dismissed. No one can dispute the fact that parties to such a proceeding could enter into a settlement after an appeal notice had been filed.
*158 I do not agree with defendants' contention that the award promulgated by the appointed commissioners is void per se once an appeal has been taken. Logically, the award is superseded only in situations wherein the controversy actually goes to trial on appeal. At that time the trial of the appeal would be a trial de novo, in no way dependent upon the commissioners' actions, and the amount of the award would be inadmissible, as is the testimony, except perhaps where a witness may be asked on cross-examination whether he made a contradictory statement in his testimony before the condemnation commissioners. See, e.g., N.J. Highway Authority v. Johnson, 35 N.J. Super. 203 (App. Div. 1955).
An analogy of defendants' contention would not be true in other areas of our law. As plaintiff has so ably stated, to follow defendants' contention that merely by taking an appeal the commissioners' award would be rendered nugatory, would by analogy permit a person convicted in the municipal court of driving while under the influence of intoxicating liquor, or of any other offense, to take an appeal and upon failure to proceed with it, leave himself without any conviction against him. Similarly, a public employee dismissed either by his Division or by Civil Service could take an appeal and, by not proceeding with it, find himself secure in his job.
Because of the dearth of New Jersey case law in regard to the issue at bar, defendants have cited various foreign authorities in support of their contention that plaintiff cannot at this time dismiss its appeal. In Felker v. Iowa State Highway Commission, 255 Iowa 886, 124 N.W.2d 435 (Sup. Ct. 1963), it was held that the condemnor could not dismiss its appeal. The Iowa case is easily distinguishable from the situation at bar. The court therein emphasized a statute whereby a petition was to be filed by the condemnee once an appeal had been taken. The petition was in substance a counterclaim containing a specific statement as to items of damage and amounts thereof. Since the landowners *159 had filed the requisite petition in Felker, the condemnor could not, after the filing of such pleadings, dismiss the appeal without the consent of the condemnees.
The case of Longino v. State, 385 S.W.2d 901 (Tex. Civ. App. 1965), is likewise distinguishable. The Texas court held that once the issues involved were properly raised, the right of one party could not be destroyed by the action of the opposing party. The appeal in such a situation could be withdrawn only by the consent of both parties. In Longino, also, the court's decision was based upon the timely answer filed by the condemnees. Similarly, see Schuylkill River East Side R. Co. v. Harris, 124 Pa. 215, 16 A. 838 (Sup. Ct. 1889).
Other cases, though also distinguishable, offer stronger support to defendants' position; e.g., Town of Davidson v. Stough, 258 N.C. 23, 127 S.E.2d 762 (Sup. Ct. 1962), and Cook County Veterans of Foreign Wars v. State Highway Department, 109 Ga. App. 767, 137 S.E.2d 401 (Ct. App. 1964). In the latter case the condemnees sought to dismiss the appeal of the condemnor from the award. Unlike our situation, both parties had taken an appeal. However, the court in holding that the condemnee could not dismiss without the consent of the condemnor, stated that:
"* * * [E]ven though the appeal of the condemnor as presently amended, if standing alone, would be fatally defective as not constituting in fact an appeal from the award returned by the assessors, since all parties must have the issues adjudicated on the appeal filed by the condemnees, there has been no final judgment of the case and the writ of error being premature, must be dismissed."
The various decisions cited above were specifically predicated upon local statutes, procedures and customs. Hence, the law in this area differs substantially among the states. See 30 C.J.S., Eminent Domain § 359, pp. 329-332, wherein it is stated:
"An appeal in a condemnation proceeding may be dismissed for any reason adequate in law. * * *
*160 On the other hand, an appeal will not be dismissed where, under the circumstances of the particular case, dismissal is not warranted or required. So an appeal will not be dismissed on account of any irregularities which occurred prior to the appeal * * * or for any other reason not involving substantial defects; and, where the only question before the court on appeal is the amount of the award, the court cannot dismiss the petition and subsequent proceedings * * *.
Appellant may dismiss his appeal on such terms as the court may order and, in some jurisdictions, without the consent of the appellees. In other jurisdictions, however, the consent of the opposite party is necessary to entitle a party to withdraw or dismiss his appeal unless an appeal has been entered by both parties. The consent of the appellate court is a condition to a withdrawal of an appeal in some jurisdictions, which may be allowed or denied in the exercise of the sound discretion of the court. If the petitioner appeals, and afterwards becomes satisfied that the award is correct, and therefore does not desire further to prosecute the appeal the proper course is to affirm the award; and a motion to dismiss should not be sustained in such a case without requiring the petitioner to pay interest on the award * * *.
The effect of a dismissal, at least where an appeal has been taken only by the condemnor, is to leave the award appealed from effective as respects the amount as though no appeal had been taken * * *."
As the court has emphasized, there is no rule or statute of this State which would prohibit plaintiff from dismissing its appeal. An appeal can be abandoned under statutory authority. This demonstrates that once the eminent domain appellate machinery has been commenced, it does not ultimately have to be terminated by the decisional process of our courts. It seems that a dismissal of plaintiff's appeal would in essence be equivalent to a nonsuit, to which litigants in an ordinary law suit are entitled.
This court finds that it is even more compelling for plaintiff in condemnation proceedings to possess the right of having an improvidently commenced appeal dismissed. The right is based on an administrative determination by the State's agent that the public interest will best be served by not prosecuting the appeal. If the court held otherwise, substantial detriment might result to the public, e.g., great expenditures of money, time and delay in regard to the State, as well as an unnecessary consumption of valuable court time.
*161 Also important is the harm which could arise from an infringement of the State's discretionary powers in such matters. Specifically, if plaintiff cannot dismiss an appeal once it has been commenced, it will be hesitant to take appeals at all, especially in the borderline cases. The court should not impose unnecessarily on the discretionary functions of statutory agents who are in the best position to determine what should be accomplished in particular instances.
Therefore, plaintiff's appeal may be dismissed under the general authority of R.R. 4:42-1(b). The fact that there are numerous statutory provisions pertaining to condemnation matters does not prohibit an invocation of this rule. In State, by Highway Com'r v. Dilley, 48 N.J. 383 (1967), the Supreme Court was concerned with the question of whether a statute or rule governed the allowance of costs in a condemnation case. The court noted that in the event of a conflict between a specific and a general statute, the former prevails. The court seemingly went even further when it stated in its opinion that:
"* * * R.R. 4:92-8 being specific and restricted therefore supersedes and serves to exempt condemnation proceedings in which the State is a party from the prohibitory effect of N.J.S. 2A:15-60."
A stronger situation than Dilley in which to invoke the Supreme Court's constitutional rule-making power exists in the case at bar. There is present no conflicting or prohibitory statutory provision whatsoever.
The consent of the court, obviously, is a prerequisite to such a dismissal. The court can evaluate any prejudice which would result to the various litigants, as well as affording additional protection to the public interest.
Since the court is of the opinion that plaintiff herein has the right to dismiss its appeal, it remains to be determined whether the court should at this time allow defendants to file their own appeal. Courts in other jurisdictions have been confronted with this problem. In State ex rel. State Highway Commission v. Kimberlin, 267 S.W.2d 51 (Mo. Sup. Ct. *162 1954); United States Nat. Bank v. Loup River Public Power Dist., 139 Neb. 645, 298 N.W. 529 (Sup. Ct. 1941), and State by, State Road Commission v. Boggess, 147 W. Va. 98, 126 S.E.2d 26 (Ct. App. 1962), one of the parties in each action appealed, while the other did not file a cross-appeal. In each case the court allowed appellant to dismiss his appeal, while prohibiting the other parties from appealing because they failed to appeal within the prescribed times and in accordance with the applicable procedures. The rationale for these cases was stated succinctly by the court in State v. Boggess, supra. The West Virginia court stated in its opinion:
"[B]efore a party can complain that he has been deprived of his right to a jury trial in a condemnation case, he must show that he exercised sufficient concern and diligence in preserving this right, by filing, within ten days after notice of the commissioners' award, a request for a new appraisement. He cannot demand that his adversary preserve this right for him by either (1) filing exceptions within the 10-day period, or (2) keeping exceptions on file." (at p. 31)
There are no New Jersey statutes, rules or cases which specifically provide that a party must file its own appeal or cross-appeal once its adversary has appealed in order to protect its rights. There are also no mandatory answering or petitioning procedures as were present in the cases from other jurisdictions which the court has cited. In the case at bar, where there were no authoritative guidelines for defendants to follow, it would conform with our traditional notions of justice to give them an opportunity to file their own notice of appeal.
There are other facts herein which compel such a result. Defendants, by virtue of plaintiff's appeal, believed that they were adequately protected. They felt assured of the fact that it was not necessary for them also to file an appeal, since their rights would be litigated to the same extent under plaintiff's appeal. In this way the situation in a condemnation action differs essentially from certain counterclaim situations, wherein the counterclaimants must set forth the specific relief they desire or be barred from subsequently prosecuting their claims. It must also be remembered that plaintiff filed its *163 appeal immediately upon the filing of the commissioners' report. Defendants had no duty to file an appeal before plaintiff had done so. No evidence has been submitted to the court from which it might be concluded that defendants did not in fact desire to challenge the commissioners' report.
It is within the discretion of the court to allow defendants the opportunity to file a notice of appeal at this time. Under R.R. 4:42-1(b) the court, in dismissing an action, may impose such "terms and conditions as the court deems proper." R.R. 4:1-2 provides that the rules of court are intended to provide for the just determination of every court proceeding. In State, by State Highway Com'r. v. Seaway, Inc., 46 N.J. 376 (1966), the court observed that:
"Subsequently, on January 11, 1965 the plaintiff moved before the Superior Court, Appellate Division, for an order relaxing the rules pertaining to the time for appeal, and for leave to file the appeal out of time. In answer to plaintiff's motion, Seaway indicated that it had no basis to object to a grant of the motion, recognizing that this was a discretionary matter, but contended that should it be granted and Seaway be successful on the appeal, the Appellate Division should order the plaintiff to pay interest up to the time actual payment would be made. The Appellate Division granted plaintiff's motion for leave to appeal out of time and reserved Seaway's request for additional interest for argument. As indicated, we certified the appeal before hearing in the Appellate Division." (at p. 384)
Due to the circumstances of this case, defendants are granted the opportunity of filing their own notice of appeal. Generally, however, it is best that in future cases an appeal or cross-appeal be filed within time by all parties who are dissatisfied with the award of the commissioners. Issue should be joined by all interested parties regardless of the fact that another party to the controversy appealed in the first instance. By so doing the rights of all parties would be protected against dismissals and other contingencies which might arise, with only a modicum of effort and diligence on their part.
Such a result would circumvent the mistrust which arises in such situations, i.e., condemnees could not then claim *164 that the condemnor filed an appeal with the intent of subsequently withdrawing it, thereby dismissing the appeal and preventing the landowners from contesting the award. It would also inhibit a party who was satisfied with the award from sitting back and waiting for favorable economic changes, and then months later filing an appeal after the diligent party had been granted a dismissal of its appeal.
This policy would have the further effect of lucidly setting out the issues involved and the contentions of the parties; of avoiding calendar problems and delaying tactics and providing for the finality of such litigation, which is so important in this area of the law; of promoting the public interest; of preventing parties from unduly relying upon others to perform their specific duties; and generally, of avoiding the confusion engendered by situations similar to the one at bar.
Stated simply, the doctrine is that a party who has not filed an appeal within the prescribed time cannot do so at its whim subsequent to the time of the dismissal of an appeal that had been taken by an adversary. The parties must join issue by filing a cross-appeal in accordance with the time provisions set forth in R.R. 4:92-6. Needless to say, the court possesses a certain amount of flexibility to remedy any injustice which might result from the application of the above.
It is unnecessary at this time for the court to consider the contentions of the parties as to interest and costs.
Plaintiff's motion to dismiss its appeal is granted. Defendants are allowed five days in which to file their own notice of appeal.