STATE OF NEW JERSEY, BY THE COMMISSIONER OF TRANSPORTATION, PLAINTIFF-APPELLANT, v. ELVIRA TENENBAUM ET AL., DEFENDANTS-RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Argued June 14, 1977—Decided June 23, 1977.

Before Judges LORA, CRANE and MICHELS.

Mr. Daniel P. Reynolds, Deputy Attorney General, argued the cause for appellant (Mr. William F. Hyland, Attorney General of New Jersey, attorney; Ms. Erminie L. Conley, Deputy Attorney General, of counsel).

Mr. Robert B. Silverman argued the cause for respondents.

PER CURIAM. This is a condemnation case. On July 30, 1976 a hearing was held before the condemnation commissioners at which time plaintiff presented expert testimony that the value of the property taken was $5,800. Defendant property owner, represented by counsel, did not produce any expert testimony as to the value of the property but relied on witnesses who testified as to the nature of the property subject to condemnation and the impact of the taking on the use of the remainder of the tract. The commissioners' report dated July 30, 1976 and filed August 9, 1976 fixed the value of the property taken at $7,800.

Plaintiff State of New Jersey filed a notice of appeal to the Superior Court on August 20, 1976, the notice being dated August 13, 1976. Counsel for defendants acknowledged receipt of the notice of appeal on August 20, 1976. No appeal or cross-appeal was filed by the defendants. During the pendency of the appeal before the Law Division defendants hired a real estate expert at a fee of $600 to testify at the upcoming trial. It appears from defendants' brief that the scheduled trial date was postponed at plaintiff's request.

By motion dated December 29, 1976 plaintiff moved to withdraw its appeal and for dismissal of the action. The motion was denied by the trial judge at a hearing conducted on January 13, 1977. An appropriate order was entered on February 3, 1977 in which the judge outlined his reasoning in denying the motion. He found that (1) defendants' attorney had expended $600 for a real estate expert subsequent to

plaintiff's filing of its appeal; (2) the time during which defendants were entitled to file a cross-appeal under R. 4: 73-6 had expired without defendants having filed an appeal; (3) he was not empowered to relax the time limits set forth in that rule to allow defendants to file an appeal out of time, and (4) the prejudice to defendants which would result from granting plaintiff's motion outweighed any prejudice to plaintiff should the motion be denied.

Leave to appeal from this interlocutory order was granted on March 8, 1977. On appeal the State contends that the decision of the trial judge will impose severe burdens upon the State and contravenes a strong public policy in favor of permitting withdrawal of such appeals. It asserts that the trial judge's refusal to permit the State to withdraw its appeal from the commissioners' award has deprived the State of the discretion which it must necessarily exercise in determining the manner in which public funds are expended in condemnation actions.

■ R. 1:3-4(b) specifies that enlargement of time for appeal to the Superior Court, Law Division, from reports of condemnation commissioners shall be governed by R. 4:73-6(a) which, as authorized by N. J. S. A. 20:3-13(a), provides that an appeal from the report of the commissioners shall be taken by an appellant by filing a notice of appeal with the Clerk of the Superior Court within 20 days after the date of service upon him, by mail or otherwise, of a copy of the report; but the court for good cause shown may extend the time for a period not exceeding 30 days.

It is our opinion that these rules are mandatory and fall within that category of rules which may not be relaxed in accord with R. 1:1-2 which provides:

The rules in Part I through Part VII, inclusive, shall be construed to secure a just determination, simplicity in procedure, fairness in administration and the elimination of unjustifiable expense and delay. Unless otherwise stated, any rule may be relaxed or dispensed with by the court in which the action is pending if adherence to it

would result in an injustice. In the absence of rule, the court may proceed in any manner compatible with these purposes.

Accordingly, neither the Law Division nor this court may extend the time for filing an appeal or cross-appeal. See *In re Pfizer*, 6 *N. J.* 233, 239 (1951).

In *State v. Stark*, 95 *N. J. Super.* 152 (Law Div. 1967), the State moved to withdraw its appeal from the award of the condemnation commissioners after a panel of struck jurors had been selected and the trial had been adjourned on several occasions. As here, defendants had filed no appeal or cross-appeal from the commissioners' award.

Judge (now Justice) Pashman noted that no rule or statute expressly allows or prohibits dismissal of condemnation appeals once they have been undertaken. But, he was of the opinion that the State has a right to withdraw its appeal pursuant to *R. R.* 4:42-1(b), now *R.* 4:37-1(b). He also concluded that the public interest lies in favor of permitting the State to withdraw its appeal:

This court finds that it is even more compelling for plaintiff in condemnation proceedings to possess the right of having an improvidently commenced appeal dismissed. The right is based on an administrative determination by the State's agent that the public interest will best be served by not prosecuting the appeal. If the court held otherwise, substantial detriment might result to the public, e. g. great expenditures of money, time and delay in regard to the State, as well as an unnecessary consumption of valuable court time.
Also important is the harm which could arise from an infringement of the State's discretionary powers in such matters, Specifically, if plaintiff cannot dismiss an appeal once it has been commenced, it will be hesitant to take appeals at all, especially in the borderline cases. The court should not impose unnecessarily on the discretionary functions of statutory agents who are in the best position to determine what should be accomplished in particular instances. [at 160–161.]

However, Judge Pashman further noted that there are no New Jersey statutes, rules or cases specifically mandating the filing of an appeal or cross-appeal by a defendant in a condemnation case as a means of preserving defendant's

rights in the event the State successfully withdraws its appeal. In view of this, as well as the novelty of issues presented, he believed that it was within his discretion to permit defendant to file its own notice of appeal as a "term and condition" of granting the State's motion to withdraw the appeal.

The judge suggested, however, that

* * * in future cases an appeal or cross-appeal be filed within time by all parties who are dissatisfied with the award of the commissioners. Issue should be joined by all interested parties regardless of the fact that another party to the controversy appealed in the first instance. By so doing the rights of all parties would be protected against dismissals and other contingencies which might arise, with only a modicum of effort and diligence on their part.

Such a result would circumvent the mistrust which arises in such situations, *i. e.*, condemnees could not then claim that the condemnor filed an appeal with the intent of subsequently withdrawing it, thereby dismissing the appeal and preventing the landowners from contesting the award. It would also inhibit a party who was satisfied with the award from sitting back and waiting for favorable economic changes, and then months later filing an appeal after the diligent party had been granted a dismissal of its appeal.

This policy would have the further effect of lucidly setting out the issues involved and the contentions of the parties; of avoiding calendar problems and delaying tactics and providing for the finality of such litigation, which is so important in this area of the law; of promoting the public interest; of preventing parties from unduly relying upon others to perform their specific duties; and generally, of avoiding the confusion engendered by situations similar to the one at bar. [at 163–164]

■ Our reading of the applicable rules leads us to conclude that the court has no discretion to enlarge the time for filing appeals from condemnation awards and that the trial judge properly refused to permit defendants to file a notice of appeal out of time.

In the instant matter the trial judge bottomed his ruling denying the State's motion to withdraw its appeal upon the expert's fee paid by defendant and an oblique reference to the expert's appraisal at a figure substantially higher than the commissioners' award, together with his belief

that the actual prejudice to defendant if the withdrawal were permitted outweighed the potential harm to the State (*i. e.,* the public interest) if he refused to permit the withdrawal.

We are of the view that the trial judge erred in refusing to permit the State to withdraw its appeal. While the consent of the court is a prerequisite to a dismissal, the court must evaluate any prejudice which would result to the litigants, as well as affording protection to the public interest. The unrealized services and testimony of defendants' expert with the attendant possibility of an increase in the award are attributable not to the State's withdrawal of its appeal but rather to defendants' failure to appeal or cross-appeal.

The clear import of *R.* 4:73-6(a) is that if a party is dissatisfied by an award of condemnation commissioners he must file his notice of appeal within the specified period of time. The potential problems arising from the failure timely to file an appeal are clearly set forth in *State v. Stark, supra.* Whatever prejudice the defendants may suffer results not from the State's conduct but rather from defendants' failure to comply with the mandate of *Stark.*

There is no indication whatsoever in the record that the State filed the appeal as a trap for the unwary, *i. e.,* in the hope that defendant would fail to file a cross-appeal, and the public interest in conserving public funds as set forth in *State v. Stark* militates for reversal of the trial judge's ruling. As pointed out in plaintiff's brief, the State is engaged in a countless number of condemnation actions and the process of prosecuting such matters necessitates reevaluation of the many cases from time to time to determine where the State's limited resources may best be utilized as well as when the public treasury may be exposed to potentially greater liability. The State's discretion should therefore be uncircumscribed in the absence of compelling reasons to the contrary so that it may reassess the cases it has appealed and determine when it is not in the public interest

to proceed further in those cases where the property owner has not filed an appeal or cross-appeal.

Discussion was had at oral argument as to whether defendants should be reimbursed for the expenses incurred by them in connection with the State's appeal. However, *N. J. S. A.* 20:3-26(b) permits such reimbursement only if the court renders final judgment that the condemnor cannot acquire the property by condemnation or if the condemnation action is abandoned by the condemnor.

The order of the Law Division is reversed and the matter is remanded for entry of an order permitting plaintiff to withdraw its appeal, dismissing the action with prejudice and providing that the award of commissioners stand as the final judgment in the matter.