TOWNSHIP OF CHERRY HILL, PLAINTIFF, v. UNITED STATES LIFE INSURANCE CO. OF NEW YORK, DEFENDANT.

Tax Court of New Jersey

March 20, 1980.

John L. Miller, Jr., for plaintiff (*Miller & Daniels*, attorneys).

*Frank H. Wisniewski*, for defendant (*Archer, Greiner & Read*, attorneys).

CONLEY, J. T. C.

This case presents an important question of first impression involving the jurisdiction of the Tax Court. For the year 1976, plaintiff Cherry Hill Township assessed defendant's two apartment buildings at $2,100,000. Defendant taxpayer appealed to the Camden County Board of Taxation seeking a reduction of the assessment to $1,025,000. After a hearing the county board reduced the assessment to $1,900,000. Plaintiff township appealed to the State Division of Tax Appeals requesting a restoration of the original assessment. Defendant did not file a cross appeal or counterclaim seeking a further reduction of the assessment.

The matter was transferred to the Tax Court pursuant to *N.J.S.A.* 2A:3A–26. At the pretrial conference, plaintiff's attorney advised the court that the township was withdrawing its appeal pursuant to *R.*8:3–9. The attorney for defendant objected to a withdrawal of the complaint if such a withdrawal would deprive the court of jurisdiction to determine the assessment for the property for 1976. The court reserved decision on the withdrawal issue until defendant could examine the law on the subject. Defendant subsequently filed a motion seeking an order denying plaintiff's application to dismiss its appeal, or in

the alternative permitting defendant to file a cross appeal. The issue presented by the motion is whether the filing of a complaint challenging the amount of a tax assessment gives the court jurisdiction to determine the correct assessment for the property when plaintiff no longer seeks such a determination but defendant, who has sought no affirmative relief, does.

Plaintiff notified the court of the withdrawal of its complaint in reliance upon *R.*8:3–9, which provides as follows:

> Whether or not a responsive pleading has been filed, a complaint or a counterclaim may be withdrawn at any time prior to the close of the proofs before the Tax Court and thereafter with leave of Court.

Plaintiff contends that the express language of this rule authorizes its withdrawal of the complaint. Plaintiff argues further that defendant would not be prejudiced by a withdrawal because defendant had the opportunity in 1976 to file a timely cross appeal or counterclaim if it had sought a further reduction of the 1976 assessment. Defendant argues, on the other hand, that it has always contended the assessment should have been $1,025,000 and that issue was joined as to the valuation or assessment of the property by the filing of plaintiff's complaint because no responsive pleading is required by the Rules of the Tax Court. *R.*8:3–2. Defendant makes an analogy to *R.*4:37–1(b) which states that an action shall not be dismissed at the plaintiff's instance against the defendant's objection unless a perfected counterclaim can remain pending for independent adjudication by the court. Defendant argues further that fundamental fairness requires the court to determine an appropriate assessment on a property for which a perfected appeal has been filed. In support of its opposition to the withdrawal of plaintiff's complaint, defendant cites *Hackensack v. Rubenstein,* 37 *N.J.* 39 (1962), *Rek Investment Co. v. Newark,* 80 *N.J.Super.* 552 (App.Div.1963) and *Matawan v. Tree Haven Apartments, Inc.,* 108 *N.J.Super.* 111 (App.Div.1969).

In *Hackensack v. Rubenstein, supra,* the court dealt with a situation similar to that of the present case. Following an extensive reassessment of realty in the taxing district, many

taxpayers appealed to the Bergen County Board of Taxation and obtained reductions of their assessments. As in the present case, the municipality then appealed to the State Division of Tax Appeals for a restoration of the original assessments. The city's appeals were dismissed by the Division for untimely service on the taxpayers. The question before the Supreme Court was whether the Division had erred in dismissing the appeals. The court concluded that the dismissals had been in error and it ordered reinstatement of the city's appeals. Then, in *dictum*, the court went to say:

> We next consider respondents' right to cross appeal if Hackensack's appeal is allowed. Here the taxpayers had no actual notice until after the December 15 deadline that Hackensack would appeal. Thereafter, it would be too late for them to file their own appeals. N.J.S.A. 54:2–35; Rule 16:8–6.130. But this fact does not preclude presentation or consideration of their assertions at the Division hearing. Once the Division obtains jurisdiction, "[r]eview of assessed valuation, by a hearing *de novo*, is . . . [its] principal function . . . in individual tax appeals. On such review the true value of the subject property is the ultimate factual finding." . . . . Therefore, the taxpayers may introduce evidence that the assessments even as reduced by the County Board were too high. [37 *N.J.* at 52]

The decision in *Hackensack v. Rubenstein* is not of assistance to defendant. In *Hackensack* the court concluded that "if" the original petitions were allowed, and "[o]nce the Division obtains jurisdiction," the taxpayers could be heard on the issue of true value even without having filed cross appeals. The court did not address the issue raised by defendants in the present case, which is under what circumstances the court has jurisdiction to entertain a challenge to an assessment when the plaintiff no longer seeks such a determination.

*Rek Investment Co., Inc. v. Newark, supra,* is inapposite for the same reason. In that case, the taxpayer obtained from the county board of taxation a reduction of its assessment from $314,600 to $232,500 and sought a further reduction by appeal to the Division of Tax Appeals. No cross appeal was filed by Newark. After a hearing the Division increased the assessment to $263,000. On appeal to the Appellate Division the taxpayer argued that in the absence of a cross appeal the Division of Tax

Appeals had been without jurisdiction to increase the assessment above the figure established by the county board. The Appellate Division affirmed the Division's jurisdiction to increase the assessment to the extent it had, stating that:

> Upon the filing of a real property appeal, the amount of the assessment, whether based upon true value or the common level, is placed in issue. The prior action of the county board, while entitled to a presumption of correctness, *North Bergen Twp., Hudson County v. Dieckmann's Estate*, 37 *N.J.Super.* 221 (App. Div.1955), does not attain the status of a "floor" or "ceiling" beyond which the assessment cannot be fixed. Once the presumption is overcome, the Division must appraise the conflicting testimony and make a determination. *Id.*, at p. 223. It would be inconceivable that having determined true value it would find its hands tied because the appellant asked for a *reduction* to true value, whereas, to achieve that desirable result, an *increase* was necessary. [80 *N.J.Super.* at 557–558]

The Division of Tax Appeals in *Rek* reached the issue of true value because an appeal seeking a determination of true value was pending in that tribunal. In the present case the plaintiff no longer seeks such a determination.

In the remaining case relied upon by defendant, *Matawan v. Tree Haven Apartments, Inc., supra*, one of the taxpayers argued that it had been error for the Division of Tax Appeals to fix the taxpayer's assessment at a figure higher than the original assessment. The court held that since the taxing district had not appealed to the county board of taxation seeking an increase in the assessment, the Division of Tax Appeals lacked jurisdiction to consider such an increase when the taxing district appealed from an assessment reduction granted by the county board. As a result, according to *Matawan*, a taxing district is limited on its appeal to the Division of Tax Appeals (now on its complaint to the Tax Court) to seeking a restoration of the original assessment if it had not previously sought an increase in the assessment from the county board of taxation. As in the *Hackensack* and *Rek* cases, the court in *Matawan* did not reach the issue of whether the court has jurisdiction to deal with the true value issue when the original appeal is not pursued and no cross appeal has been filed.

None of the cases cited by defendant stands for the proposition that issue is joined as to valuation upon the filing of a complaint seeking review of an assessment. There do not appear to be any cases involving valuation for tax purposes that deal directly with the issue raised by this case. There are, however, two cases involving a closely analogous issue in the context of condemnation proceedings. In *State v. Stark*, 95 *N.J.Super.* 152 (Law Div. 1967), the State had appealed to the Superior Court from an award to defendants by condemnation commissioners who had determined the value of the defendants' property taken for public use. No appeal or cross appeal had been taken by defendants. The State subsequently moved to dismiss its appeal and defendants objected, contending that the appeal superseded the award of the commissioners and that a trial *de novo* before a court and jury had to be conducted to determine the amount due to defendants. At such a new trial defendants intended to argue for a higher condemnation award than the commissioners had returned. The court in *Stark* held that the State had the right to have its appeal dismissed pursuant to *R.R.*4:42–1(b), the source of our present *R.*4:37–1(b) cited by defendant in this case. However, because there were no statutes, rules or cases specifically providing that a party must file its own appeal or cross appeal once its adversary had appealed in order to protect its rights, and because of the novelty of the issue presented, the court permitted defendants to file a cross appeal out of time as an appropriate term and condition of the dismissal of plaintiff's appeal pursuant to *R.R.*4:42–1(b). In so doing, the court made it clear that

in future cases an appeal or cross appeal [should] be filed within time by all parties who are dissatisfied with the award of the commissioners. Issue should be joined by all interested parties regardless of the fact that another party to the controversy appealed in the first instance. By so doing the rights of all parties would be protected against dismissals and other contingencies which might arise, with only a modicum of effort and diligence on their part. [95 *N.J.Super.* at 163]

In *State v. Tenenbaum, et al.*, 151 *N.J.Super.* 273 (App.Div.1977), the court implemented the notice given to litigants in the *Stark*

case. It permitted the State to withdraw its appeal of the condemnation commissioners' award, dismissing the action with prejudice and refusing to permit the defendant to file a cross–appeal out of time.

This court finds that the rationale of the *Stark* and *Tenenbaum* cases is applicable to the present case and warrants a denial of defendant's motion seeking to prohibit plaintiff's dismissal of its appeal or to permit defendant to file a cross appeal. As with the State in condemnation cases, taxing districts are frequently engaged in large numbers of local property tax appeals at the county tax board level and must decide within a strict statutory time frame whether to appeal from assessment reductions made by the county board. The taxing districts must be free to exercise their discretion at a later date to pursue only those appeals that are most likely to best use available municipal resources. The express language of *R.*8:3–9 was adopted to effectuate the decision by any party to withdraw an appeal "at any time prior to the close of the proofs." The comment to *R.* 8:3–9 states that the rule

> departs from the Superior Court practice by permitting a unilateral withdrawal of a complaint or counterclaim whether or not a responsive pleading has been filed. This provision represents a philosophical determination that a party initiating a claim should be at liberty at any time to withdraw it, particularly since most plaintiffs are taxpayers. The provision is also responsive to the fact that responsive pleadings are not required at all.

*Pressler, Current N.J. Court Rules,* Comment *R.*8:3–9 (1979). The Rules of the Division of Tax Appeals were similar, permitting withdrawal of a petition of appeal "at any time until judgment has been entered." *Rule* 17:18–1.43.

In short, there is no authority to prevent plaintiff from withdrawing its appeal as requested in this case. Indeed, *R.*8:3–9 permits such a withdrawal. The practice in the Tax Court in this respect is different from practice in the Superior Court. Dismissal of an action resulting from a plaintiff's timely withdrawal of its complaint is not upon terms and conditions set by the court. In the case of such a withdrawal, entry of the judgment of dismissal is a ministerial act carried out by the

Clerk of the Tax Court. Any party seeking affirmative relief in this court must protect his rights by the filing of an appropriate pleading. He cannot rely upon the filing of a pleading by his adversary. Defendant's motion for an order preventing plaintiff's withdrawal of its appeal is denied.

Defendant's motion for permission to file a cross–appeal is also denied. All appeals and complaints in the Tax Court must be filed in a timely fashion, and it is conceded that defendant did not do so in the present case. See *Prospect Hill Apartments v. Borough of Flemington*, 172 *N.J.Super.* 245 (Tax Ct.1979).

Judgment will be entered by the Clerk of the Tax Court dismissing plaintiff's appeal.