71 A.3d 901

STATE OF NEW JERSEY, BY THE COMMISSIONER OF TRANS-
PORTATION, PLAINTIFF–APPELLANT, v. SHALOM MONEY
STREET, LLC, A REVOKED NEW JERSEY LIMITED LIABILI-
TY COMPANY, DEFENDANT–RESPONDENT, AND EDEN
UNIQUE AUTOS, LLC, A NEW JERSEY LIMITED LIABILITY
COMPANY; BIROL BAUELVACI, D/B/A SELIN AUTO EX-
CHANGE; BOROUGH OF LODI, IN THE COUNTY OF BER-
GEN, A MUNICIPAL CORPORATION OF NEW JERSEY, DE-
FENDANTS.

Superior Court of New Jersey
Appellate Division

Submitted April 29, 2013—Decided June 25, 2013.

Before Judges GRAVES, ESPINOSA and GUADAGNO.

*Jeffrey S. Chiesa,* Attorney General, attorney for appellant *(Melissa H. Raksa,* Assistant Attorney General, of counsel; *Sharon Price–Cates,* Deputy Attorney General, on the brief).

Respondent Shalom Money Street, LLC, has not filed a brief.

The opinion of the court was delivered by

ESPINOSA, J.A.D.

In this condemnation case, both the State and the property owner filed appeals from the commissioners' award fixing just compensation for a temporary taking. The issue before us is whether the trial court may reinstate the commissioners' award over the parties' objection after dismissing their appeals sua sponte. For the reasons that follow, we conclude the trial court may not do so.

Defendant, Shalom Money Street, LLC (Shalom) [1] owns a commercial property on Route 46 that measures in the Borough of Lodi 0.728 acre. In March 2009, the State filed a complaint in condemnation and declaration of taking for a temporary construction easement on Shalom's property to address the fact that certain driveways on Shalom's property did not conform to the state highway access code. The State estimated the amount of

---

[1] Shalom's status as a limited liability company was revoked in February 2008.

compensation due the property owner as $500 and deposited that amount with the court.

In May 2009, Shalom withdrew its objections to the State's right to take and a consent order was entered, stating the State had duly exercised its power of eminent domain as to the property and appointing three commissioners to fix just compensation for the taking.

Following a hearing, the commissioners issued a report in which they set the amount of just compensation as $9000. Both the State and Shalom filed notices of appeal from that award pursuant to *Rule* 4:73–6(a).

Shalom was permitted to retain an expert to value the taking. The State filed a motion in limine to bar Shalom's expert opinion. Noting that the question to be decided was the fair market value of the property actually taken,[2] the State argued that Shalom's expert had appraised the entire 0.728 acres of Shalom's property and not the property actually taken. Shalom also filed a motion to bar the State's expert opinion, contending that it was a net opinion.

The court granted both motions, and noted that the parties needed expert testimony to try "the only issue . . . the value of the easement taken" at the time of the taking. The State and Shalom jointly requested an adjournment of the trial for 100 days to permit each to retain experts and schedule depositions. The court denied the adjournment request and asked the parties to submit briefs on why it should not enter an order confirming the award of the condemnation commissioners.

Relying upon *N.J.S.A.* 20:3–12(h), both the State and Shalom argued that the commissioners' award can only become a final judgment if no appeal is taken. They argued further that, because the appeal is a trial de novo, *N.J.S.A.* 20:3–13(b), the appeal

---

[2] The parties stipulated that the property affected by the easement was 3424 square feet.

rendered the commissioners' award void. Both parties contended that, since the award ceased to exist once their appeals were filed, the court could not reinstate the award as a final judgment. Both the State and Shalom submitted that, without the jury trial required by their appeals, the property owner would be denied the just compensation guaranteed under *N.J. Const.* art. I, § 20.

In its written decision, the court rejected the parties' arguments. The court noted that *N.J.S.A.* 20:3–13 does not explicitly state that the commissioners' award becomes void per se, but only provides that it shall not be admitted in evidence. *See N.J.S.A.* 20:3–13(b). Relying upon *State v. Tenenbaum,* 151 *N.J.Super.* 273, 376 *A.*2d 1242 (App.Div.1977), and *State v. Stark,* 95 *N.J.Super.* 152, 230 *A.*2d 184 (Law Div.1967), the court concluded that, upon the dismissal of an appeal, judgment may be entered in the amount of the commissioners' award. Having agreed with counsel that, without expert testimony to assist the jury in evaluating the temporary taking, "the trial could not proceed[,]" the court stated:

> Consequently, without a trial, the parties are left with the determination of the condemnation commission as to just compensation. There being no reason to challenge the integrity of the commissioners' hearing, this court will enter judgment dismissing the appeals and fixing the condemnation commissioners' award of $9,000 as the amount of compensation to Shalom.

In this appeal, the State argues that the trial court erred in transforming the commissioners' award into a judgment of just compensation and abused its discretion in denying its motion for an adjournment.

The Supreme Court has explained that "[a] condemnation action involves the issuance of two final judgments by the Superior Court[.]" *Hous. Auth. of New Brunswick v. Suydam Investors, L.L.C.,* 177 *N.J.* 2, 16, 826 *A.*2d 673 (2003). The first, which was entered here, "declares that 'the condemnor is duly vested with and has duly exercised its authority to acquire the property being condemned,' and appoints 'three commissioners to determine the compensation to be paid by reason of the exercise of such power.'" *Ibid.* (quoting *N.J.S.A.* 20:3–8, *N.J.S.A.* 20:3–2(j), and *N.J.S.A.* 20:3–12(b)). The other judgment to be entered by the Superior

Court "deals exclusively with the valuation of the condemned property." *Ibid.* (citing *N.J.S.A.* 20:3–12(g)–(h)).

There are two alternatives for the entry of the second final judgment. Pursuant to *N.J.S.A.* 20:3–12(h), "[t]he commissioners' award becomes a final judgment *if it is not objected to within sixty days of its filing.*" *Hous. Auth., supra,* 177 *N.J.* at 17, 826 *A.*2d 673. Plainly, an appeal constitutes an objection to the award and, as a result, the commissioners' award does not become a final judgment. When an appeal is filed, a trial de novo is required. *N.J.S.A.* 20:3–13(b). At the trial, the commissioners' award is entitled to no deference; it may not even be admitted into evidence. *Ibid.* Following the trial, "[t]he amount of the judgment on the appeal," *N.J.S.A.* 20:3–13(d), will be entered as a final judgment. *See Hous. Auth., supra,* 177 *N.J.* at 17, 826 *A.*2d 673.

Because the commissioners' award only becomes a final judgment if no timely objection is made, the filing of the appeal renders the commissioners' award "nugatory." *State v. N.J. Zinc Co.,* 40 *N.J.* 560, 573, 193 *A.*2d 244 (1963). In short, there is no final judgment to be reinstated. The cases relied upon by the trial court here do not support a contrary view.[3]

In *Stark,* the State had filed an appeal from the commissioners' award but the property owner had not done so. *Stark, supra,* 95 *N.J.Super.* at 154, 230 *A.*2d 184. When the State decided not to proceed with its appeal, the defendants argued that the State did not have the right to dismiss its appeal over their objection. *Ibid.* The trial court rejected this argument, as well as defendants' argument that the commissioners' award was void per se upon the filing of the appeal. *Id.* at 158, 230 *A.*2d 184.

---

[3] The trial court also relied upon an unpublished opinion, *City of Long Branch v. Spanos,* No. A–2936–04, 2006 *WL* 1627977 (App.Div. June 14, 2006), which will not be addressed in this opinion. *See R.* 1:36–3 ("No unpublished opinion shall constitute precedent or be binding upon any court.... [N]o unpublished opinion shall be cited by any court.").

*Tenenbaum* was also a case in which the State had filed an appeal from the commissioners' award and the defendant filed no cross-appeal. *Tenenbaum, supra,* 151 *N.J.Super.* at 275, 376 *A.*2d 1242. The State moved to withdraw its appeal and dismiss the action. *Ibid.* The trial court denied the motion in part, because the time in which defendant could file a cross-appeal had expired. *Id.* at 275–76, 376 *A.*2d 1242. We granted the State leave to appeal. *Id.* at 276, 376 *A.*2d 1242. Although we agreed with the trial court that the time for the filing of a cross-appeal could not be enlarged, we reversed and remanded for entry of an order permitting the State "to withdraw its appeal, dismissing the action with prejudice and providing that the award of the commissioners stand as the final judgment in the matter." *Id.* at 280, 376 *A.*2d 1242.

The procedural posture in both *Stark* and *Tenenbaum* was that the sole objection to the commissioners' award was withdrawn. As a result, the only impediment to the award becoming a final judgment was removed. In contrast, neither the State nor Shalom has withdrawn its objection to the award here. Although the exclusion of expert reports had a damaging impact upon the ability to try the case, that fact related to the strength of the parties' cases and not to whether their objections to the award had been withdrawn. Because the commissioners' award did not become a final judgment pursuant to *N.J.S.A.* 20:3–12(h), or as the result of the parties withdrawing their objections to the award, the trial court erred in reinstating the commissioners' award.

We next turn to the court's decision to deny the parties' adjournment request. The trial court's decision to grant or deny an adjournment is reviewed under an abuse of discretion standard. *State v. D'Orsi,* 113 *N.J.Super.* 527, 532, 274 *A.*2d 586 (App.Div.), *certif. denied,* 58 *N.J.* 335, 277 *A.*2d 392 (1971). Here, as the trial court and the parties agreed, the trial court's decision to bar both expert reports stripped both parties of their ability to present a case as to the just compensation to be awarded. Both parties agreed that an adjournment of 100 days would be appropriate to

permit them to address this critical element. There is no indication in the record that either party was dilatory or acting in bad faith in requesting the adjournment, and the court provided no reasons on the record for denying the adjournment. We are therefore constrained to conclude that the denial of the joint adjournment request was a mistaken exercise of discretion.

Reversed and remanded for entry of an order vacating the judgment and granting the adjournment request. We do not retain jurisdiction.