**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0468-24

DEDES REALTY, LLC,

      Plaintiff-Respondent,

v.

UNION PLAZA DINER CORP.,

      Defendant-Appellant.

_____

> Argued October 22, 2025 – Decided December 22, 2025
>
> Before Judges Currier and Smith.
>
> On appeal from the Superior Court of New Jersey, Law Division, Union County, Docket No. LT-001715-24.
>
> James M. Cutler argued the cause for appellant.
>
> Luke J. Kealy argued the cause for respondent (Greenbaum, Rowe, Smith & Davis LLP, attorneys; Luke J. Kealy, on the brief).

PER CURIAM

    In this landlord-tenant matter, defendant appeals from the judgment of possession entered after it breached a Stipulation of Settlement (Agreement)

permitting defendant to remain in the premises, provided it paid the significant amount of unpaid rent and other expenses. The Agreement permitted plaintiff to obtain a judgment for possession upon its breach. Based on the clear contractual language of the Agreement, we affirm.

I.

Plaintiff is the landlord of property that defendant has leased and operated a restaurant in since 2012. Plaintiff filed an action against defendant in 2024, alleging defendant had either not paid rent or was habitually late in its rent payments since January 2023. In June 2024, the parties entered into the Agreement to resolve the dispute. It stated, in pertinent part:

> Defendant shall pay to Plaintiff the amounts attached to this Stipulation of Settlement as Exhibit A which Defendant admits are now due and owing, and AGREES THAT IF DEFENDANT BREACHES THIS AGREEMENT, PLAINTIFF MAY FILE A CERTIFICATION OF BREACH WITH THE COURT, ON FIVE DAYS NOTICE TO DEFENDANT AND DEFENDANT'S ATTORNEY. THE COURT MAY THEN ENTER A JUDGMENT FOR POSSESSION AND A WARRANT OF REMOVAL MAY ISSUE.

The Agreement set forth specific amounts to be paid on certain dates for unpaid rent and past due sewer charges. At the time, defendant owed plaintiff approximately $100,000.

A-0468-24

On August 20, 2024, plaintiff sent defendant a Notice of Default stating it had not received the base rent or additional rent for the month of August, and the 2022 and 2023 sewer charges had not been paid. The email constituted the five days' notice to defendant that plaintiff was filing a certification of breach of the Agreement and requesting a Warrant of Removal from the court.

When plaintiff subsequently filed the certification with the court, it also included new facts constituting additional breaches of the Agreement. They included defendant's failure to: (1) to make timely payment of the July 23 and 30, 2024 settlement payments; (2) to pay the base and additional rent for September 2024; and (3) to pay the settlement payment due on September 1, 2024. Plaintiff stated that defendant owed it $46,582 due to its breach. In response, defendant moved to prevent the issuance of or vacate the Judgment of Possession and Warrant of Removal. Jun S. Oh, an officer and manager of defendant, submitted a certification in support of the motion. Oh certified that defendant "made timely payment of the August rent and other sums due" but the check was not received, cashed or returned. Oh sent a replacement check via certified mail on September 3, 2024.

On September 13, 2024, the court entered a Warrant of Removal requiring defendant to vacate the property. On September 19, plaintiff filed a certification

3

in opposition to defendant's motion. Plaintiff reiterated defendant breached the Agreement by failing to comply with its provisions of payment of past due amounts and sewer charges. Plaintiff also advised that the July settlement payment checks were returned for insufficient funds and the September rent checks had not yet been received.

On October 1, the court notified the parties it would conduct a hearing on defendant's motion on October 7. On October 3, defendant requested an adjournment of the hearing until October 10, 2024, or the following week because Oh was out of state. The court denied the adjournment request.

When the parties convened on October 7, the court advised it did not grant the adjournment because plaintiff opposed it, and the matter had been pending since April 2024. In addition, since the court was only hearing a motion and counsel was present, it was not necessary for Oh to also be in court. Moreover, the Judgment of Possession and Warrant for Removal had been pending for more than three weeks. Nevertheless, defendant again requested an adjournment until October 10, and asked the court to transfer the matter to the Law Division to engage in discovery. The court denied the applications and advised Oh could appear at the hearing virtually.

4

Thereafter, Oh testified virtually and stated that the July 23 and 30, 2024 settlement payments were timely made, but they were flagged by the bank as "suspicious activity" and dishonored. When Oh learned of the bank's action, he called the bank to advise the checks were not suspicious. Replacement checks were sent via certified mail in September. The August and September rent checks were issued after the due date.

Regarding the 2022 and 2023 sewer payments, after the Agreement was signed, Oh sent an employee to the municipality to pay what was owed. According to Oh, the employee was told that the bills were paid. Oh then realized that plaintiff had paid the bills. He testified that he was aware that defendant was required to pay the sewer bills under the Agreement. A June 30, 2022 sewer receipt was produced, which Oh believed satisfied the 2022 sewer tax payment required under the Agreement. Oh acknowledged he did not pay the 2023 sewer bill.

At the conclusion of the hearing, the court issued an oral opinion, finding defendant breached the Agreement on six occasions, related to late payments of rent and additional payments due under the Agreement, and failure to pay the sewer charges. The court found Oh was credible in some respects but "challenging" otherwise as he did not answer straightforward questions directly.

A-0468-24

Regarding the motion to adjourn the hearing, the court reiterated:

> But from the [c]ourt's perspective, again, this was a motion that was filed by the tenant. The [c]ourt's expectation is that the tenant be prepared to proceed with their motion on the date that was set forth by the [c]ourt and at least as of Friday they were very much aware that we were proceeding today.
>
> So if they chose to not prepare in a way that was going to have them ready for today, that is a choice that they made and it is a choice that they have to live with and the [c]ourt did, in fact, proceed.

The court rejected defendant's argument that it substantially complied with the Agreement, stating "[t]here was nothing done. There was a casual approach to compliance here, but the tenant is asking the [c]ourt to find that there's some substantial compliance." The court further found that the habitual late payments also weighed against a finding that defendant was in substantial compliance with the Agreement.

The court denied defendant's motion to vacate the Judgment for Possession, finding there were no exceptional circumstances articulated under Rule 4:50-1(f). Thereafter, the court entered a Judgment for Possession and a subsequent commercial Warrant of Removal. Defendant was locked out of the premises in late November 2024.

A-0468-24

## II.

On appeal, defendant contends the court erred in denying its adjournment request and in entering the Judgment of Possession.

"[W]e review a trial court's denial of a request for an adjournment 'under an abuse of discretion standard.'" Escobar-Barrera v. Kissin, 464 N.J. Super. 224, 233 (App. Div. 2020) (quoting State ex rel. Comm'r of Transp. v. Shalom Money St., LLC, 432 N.J. Super. 1, 7 (App. Div. 2013)). Our Supreme Court has stated that "[a] motion for an adjournment is addressed to the discretion of the court, and its denial will not lead to reversal unless it appears from the record that the defendant suffered manifest wrong or injury." State v. Hayes, 205 N.J. 522, 537 (2011) (quoting State v. Doro, 103 N.J.L. 88, 93 (E. & A. 1926)).

Defendant requested an adjournment on October 3, 2024, and again at the hearing on October 7. Defendant's attorney advised the court Oh was out of state and they needed time to prepare for the hearing.

We recognize defendant's agent was out of state and defendant only requested the motion hearing be postponed for a few days. However, as the court properly noted, the scheduled date was for a hearing on defendant's motion to either stop entry of a judgment of possession or vacate one if already entered. It was not a trial and Oh was not expected to testify at the motion hearing. The

7

A-0468-24

matter had been pending for many months, and the court used its authority to manage its calendar. Therefore, it was well within the court's discretion to deny the adjournment request.

Furthermore, the court permitted Oh to testify virtually. A review of his testimony reflects it did not differ from the information provided in his certification. In addition, the testimony established defendant breached the Agreement on multiple occasions. Therefore, we cannot see how a three-day postponement would have changed the court's ultimate decision.

We turn to defendant's contentions regarding the entry of the Judgment of Possession. We note initially that we "normally will not entertain cases when a controversy no longer exists and the disputed issues have become moot." Int'l Bhd. of Elec. Workers Loc. 400 v. Borough of Tinton Falls, 468 N.J. Super. 214, 224 (App. Div. 2021) (quoting De Vesa v. Dorsey, 134 N.J. 420, 428 (1993)). "An issue is moot 'when [our] decision sought in a matter, when rendered, can have no practical effect on the existing controversy.'" Brehme v. Irwin, 259 N.J. 505, 511 (2025) (quoting In re Proposed Constr. of Compressor Station (CS327), 258 N.J. 312, 327 (2024)). Here, defendant has vacated the premises and so the issue of the validity of the judgment for possession is moot. See Daoud v. Mohammad, 402 N.J. Super. 57, 59 (App. Div. 2008) (finding the tenant's right

to appeal from the judgment for possession moot because the "defendant vacated the commercial premises, which ha[d] since been re-rented.").

We denied plaintiff's prior motion for summary disposition on grounds of mootness. That is because defendant's appeal of the court's denial of its adjournment request was not moot. Had we concluded the court abused its discretion in denying the adjournment, our decision would have affected the entry of the Judgment of Possession.

In light of our determination regarding the order denying the adjournment, any arguments regarding the entry of the Judgment of Possession are moot. Nevertheless, we briefly address the issue.

Our review of a court's interpretation of a contract, "[i]n the absence of a factual dispute," is de novo. Serico v. Rothberg, 234 N.J. 168, 178 (2018) (citing In re Cnty. of Atl., 230 N.J. 237, 255 (2017)). "[A] settlement agreement between parties is a contract governed by basic contract principles, . . . [thus,] a court should enforce a settlement agreement as it would any other contract." Capparelli v. Lopatin, 459 N.J. Super. 584, 603-04 (App. Div. 2019).

The Court has held that "[t]he plain language of the contract is the cornerstone of the interpretive inquiry." Barila v. Bd. of Educ. of Cliffside Park, 241 N.J. 595, 616 (2020). "[W]hen the intent of the parties is plain and the

language is clear and unambiguous, a court must enforce the agreement as written, unless doing so would lead to an absurd result." Ibid. (quoting Quinn v. Quinn, 225 N.J. 34, 45 (2016)).

Plaintiff had filed several actions over the years against defendant for breach of their lease agreement. The 2024 complaint was resolved by the Agreement which was detailed in the number and amount of payments, their due date and the consequences of any failure to comply with the terms. After considering the parties' certifications, Oh's testimony and argument of counsel, the court found defendant had breached the Agreement on six occasions. Defendant does not really dispute those findings but instead urges this court, as it did before the trial court, to find that it substantially complied with the contract and the breaches were trivial.

The Agreement was clear on its face and unambiguous. If defendant did not pay the required sums by the requisite date, then they were in breach of the Agreement. In the event of any breach, the Agreement permitted defendant to request the court to issue a Judgment of Possession and Warrant of Removal. The court did not err in finding multiple breaches of the Agreement and entering Judgment of Possession.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

10

A-0468-24