LARIO, J.T.C.
This matter comes before the court by way of a motion for an order prohibiting plaintiff from withdrawing, pursuant to R. 8:3-9, its local property assessment appeal on one parcel owned by it while continuing to pursue its appeal on a contiguously owned parcel.
Taxpayer Mobil Oil Corporation has heretofore simultaneously filed with this court two direct appeals, pursuant to N.J.S.A. 54:3-21, for the tax year 1985 on its property, two contiguous lots, located in Greenwich, Gloucester County, assessed as follows:
Lot and Block 1985 Assessment
Block 5025, Lot l.A $ 784,200
Block 5025, Lot 1 $144,986,300
No cross-appeal or counterclaim was filed by the taxing district.
A case management conference was held on April 22, 1986 at which time the matter was assigned a trial date of December 1, 1986. By letter dated July 28,1986, a copy of which was mailed to defendant’s attorney, plaintiff’s attorney notified this court *125 that it was withdrawing its appeal for Lot l.A but that this withdrawal was for Lot l.A only and specifically “does not include Block 5025, Lot 1 which is assessed for $144,986,300.”
The above notification prompted the present notice filed pursuant to R. 1:6-2 wherein it was requested that this motion be decided on the papers which included an affidavit executed by the township’s assessor which states:
I am personally familiar with the two lots and blocks in question in these actions, together with the activities carried on by Mobil Oil Corporation on the premises.
The lots and blocks involved are both part of a large Mobil Oil Corporation refinery and tank farm, and both are part of one overall economic unit. Accordingly, for valuation purposes, the parcels cannot be meaningfully separated.
No responsive affidavit was filed by plaintiff therefore the present question raised is: where two adjoining line item parcels of real estate within the same taxing district are separately assessed, but together constitute a single economic unit, may the taxpayer who has filed an appeal from both assessments withdraw its appeal on one lot, pursuant to R. 8:3-9, and continue to pursue its appeal of the remaining lot?
R. 8:3-9 provides:
Whether or not a responsive pleading has been filed, a complaint or a counterclaim may be withdrawn at any time prior to the close of the proofs before the Tax Court and thereafter with leave of court.
The first case to be cited under this rule was Cherry Hill Tp. v. U.S. Life Ins. Co. of N.Y., 176 N.J.Super. 254, 1 N.J.Tax 236, 422 A.2d 810 (Tax Ct.1980) wherein the taxing district appealed to this court from a judgment of the county board of taxation reducing taxpayer’s assessments on two apartment buildings. The taxpayer did not file either a cross-appeal or a counterclaim. At a pretrial conference the taxing district’s attorney advised the court that it was withdrawing its appeal. The taxpayer objected and moved for denial of the taxing district’s motion to withdraw, or in the alternative, to permit the taxpayer to cross-appeal. This court held that R. 8:3-9 specifically permits a plaintiff to withdraw its appeal as requested and denied plaintiff’s motion to permit a cross-appeal since it was *126 out of time. See F.M.C. Stores Co. v. Morris Plains Bor., 195 N.J.Super. 373, 479 A.2d 435 (App.Div.1984), aff'd 100 N.J. 418, 495 A.2d 1313 (1985).
In Clinton Tp. Citizen’s Comm. v. Clinton Tp., 185 N.J.Super. 343, 448 A.2d 526 (Law Div.1982), which arose two years later, the same Tax Court judge distinguished his Cherry Hill decision. In this case he denied the taxing district’s right to withdraw certain complaints filed by it with this court without the assessor’s consent. After acknowledging that a plaintiff ordinarily has the right to withdraw its complaint, it held, however:
The facts of this case call for an exercise by this court of its inherent equitable powers. We note that the Tax Court also has equitable powers and we are confident it will invoke them in situations similar to these. N.J.S.A. 2A:3A-4(a). [Tax Court may grant legal and equitable relief so that all matters in controversy between the parties may be completely determined.] [Id. at 358, 448 A.2d 526].
Most recently this issue again was raised in this court in Purex Corp. v. Paterson, 8 N.J.Tax 121 (Tax Ct.1986) which involved appeals of two assessments of a chemical manufacturing plant located on two tracts of land separated by a vacated street but linked by a bridge-type improvement. After finding that the improvements were one economic unit, this court denied the taxpayer’s motion to withdraw the complaint on one of the lots because the result would be inequitable.
In the instant case since it is uncontroverted that the subject properties are part of a large oil refinery and tank farm operated as one economic unit, I conclude that it is immaterial whether the appeal of one of the lots alone is withdrawn since the result will be the same.
Every municipality is required to have and maintain a tax assessment map showing all of the land within the municipality, designated by block and lot numbers, for the purpose of local property taxation. N.J.S.A. 54:4-24 and -26 require the assessor to follow the forms and methods as prescribed by the Director, Division of Taxation, and list thereon “each parcel assessed, the taxation value of the land and of the buildings and improvements separately on each parcel and the sum of *127 such separate values as the assessed value of the parcel----” Emphasis supplied.
The Director implemented these statutes by the adoption of N.J.A.C. 18:12-2.8 which requires the assessor to maintain and complete a form designated by the Director which, among other information, includes a separate listing for each lot and directs that the land portion of the lot’s taxable value be listed in column 5 and the improvements value in column 6. N.J.A.C. 18:12-2.8(b)1-ii(5), (6).
Accordingly, where as here, the improvements of a single economic unit span more than one lot, an assessor is obligated to first ascertain the total assessable value of the total complex, which he then allocates to each lot as required by the above-cited statutes and regulation. Obviously, the allocations made are usually arbitrary and the bifurcated assessment is not considered binding upon the taxing district, but instead the correct assessment is to be based on the total value of the entire complex. This requirement for separate tax value for each and every lot on a taxing district’s tax map is a record-keeping method devised by the Director of Taxation, as mandated by the Legislature, to insure that all real property within a taxing district is either assessed or accounted for. N.J.S.A. 54:4-23.
On appeal of assessments which have been determined to comprise a single economic unit it is immaterial whether an appeal of the assessments of one of the lots comprising the economic unit has been withdrawn. Once the correct assessment for the entire complex is determined the amount of assessment of the withdrawn lot will be subtracted from the total correct assessment and the balance will be allocated to the lot remaining under appeal.[1]
*128 The taxing district’s motion for an order prohibiting withdrawal of plaintiff's complaint as to Lot l.A is denied without prejudice to the taxing district’s right to defend the assessment on the remaining lot under appeal based upon the total valuation of Lots 1 and 1.A as a single economic complex. The Clerk of the Tax Court is directed to file plaintiff’s withdrawal of its complaint for Lot 1.A.

Compare Kearny Leasing Corp. v. Kearny, 6 N.J.Tax 363 (Tax Ct.1984), aff'd 7 N.J.Tax 665 (App.Div.1985), certif. den. 102 N.J. 340, 508 A.2d 215 (1985), wherein the taxpayer did not appeal one of three lots constituting a single economic unit and this court accepted an agreement between the parties that *128 the property be valued in its entirety with a reduction made for the omitted lot "proportionate to the relationship of the assessment of that lot to the total original assessment.” [at 370]