113 N.J. Super. 527 (1971)
274 A.2d 586
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
JOSEPH D'ORSI, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued February 9, 1971.
Decided March 3, 1971.
*528 Before Judges KILKENNY, HALPERN and LANE.
Mr. Avrom J. Gold argued the cause for appellant (Messrs. Mandelbaum, Mandelbaum & Gold, attorneys; Mr. Barry R. Mandelbaum, on the brief).
Mr. Edward R. Rosen, Assistant Prosecutor, argued the cause for respondent (Mr. Vincent P. Keuper, Monmouth County Prosecutor, attorney).
*529 PER CURIAM.
Defendant was found guilty by a jury of unlawfully carrying a firearm  a 6-mm. Browning Automatic pistol  on his person without first having obtained the requisite permit to carry the same, contrary to the provisions of N.J.S.A. 2A:151-41. On March 20, 1970 he was sentenced to the New Jersey Reformatory to serve an indeterminate term. Defendant appeals from the judgment of conviction.

I
Defendant's first contention is that the trial court mistakenly denied his pretrial motion to suppress the weapon unlawfully possessed by him because this evidence was obtained through an unlawful search and seizure.
On March 6, 1968 Detective Walter Monahan of the Middletown Police Department received a telephone call at police headquarters from an informant from whom the detective had previously received reliable information. Monahan was told that "three men were leaving Hazlet in a 1963 Buick, registration MWC 309, were heading south on Highway 35 through Middletown to pull an armed robbery in Long Branch." The informant said "they were armed." The information was passed on to other members of the police force.
Monahan and Detective Halliday took a position in the headquarters driveway which abuts Highway 35. There were other police vehicles in the vicinity, in the other driveway on the other side of the garage. Detective Olsen was dispatched to the boundary line of Middletown to see if the car in question did in fact come into Middletown. After a short while Olsen sent a radio message that the car in question was now proceeding south on Highway 35 with three occupants. When this vehicle was directly in front of police headquarters it was stopped by the combined efforts of Olsen and the waiting police.
Monahan proceeded to the driver's side of the Buick; Halliday, to the passenger side. Defendant was the driver *530 and was so identified by Monahan at the hearing on the motion to suppress and at the trial. Defendant was told to step outside the car and place his hands on the hood. Monahan could tell from observation "there was a weighted object in his pocket * * * right front coat pocket." As Monahan testified, "I patted the coat down and put my hands inside and pulled out a Browning .25 automatic loaded with the clip and reamed for a silencer." Thereupon, defendant was arrested and advised of his rights. The detective identified the gun which he took from defendant that night from the marking of his initials on it.
The patting down or "frisking" of defendant was not, under the circumstances, an "unreasonable search." The police had reasonable cause to believe the occupants of the car were armed, not only by reason of the information furnished to them but also on the basis of Monahan's personal observation and his police expertise. The police action was legally justified. Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); State v. Dilley, 49 N.J. 460 (1967), utilizing the rationale later expounded in Terry v. Ohio, supra. See, too, McCray v. Illinois, 386 U.S. 300, 87 S.Ct. 1056, 18 L.Ed.2d 62 (1967) and Draper v. United States, 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327 (1958), upholding the validity of the police action under somewhat analogous circumstances.

II
We find no substantial merit in defendant's argument that N.J.S.A. 2A:151-41 is unconstitutional in its application to this defendant in that it compels him to incriminate himself contrary to his rights under the Fifth Amendment to the United States Constitution.
Defendant's rationale is that one needs a permit to purchase a gun under N.J.S.A. 2A:151-32 and also needs a permit to carry a concealed weapon under N.J.S.A. 2A:151-41. If he applied for the latter permit, he would have been required to incriminate himself by admitting that *531 he had obtained the gun without first having been granted a permit to purchase it. Thus, he would equate the instant situation with Marchetti v. United States, 390 U.S. 39, 88 S.Ct. 697, 19 L.Ed.2d 889 (1968), and Haynes v. United States, 390 U.S. 85, 88 S.Ct. 722, 19 L.Ed.2d 923 (1968), each of which involved disclosure of a violation of the law in order to meet the requirement of another law.
We find this case distinguishable. In Marchetti, for example, one needed a federal tax stamp, to carry on the business of a gambler. But here, one might apply for a permit to carry a concealed weapon lawfully obtained without disclosing his possession of a weapon unlawfully obtained. He may not justify a distinct and separate unlawful act by a mere potential of self-incrimination when avoidance lay readily in his own hands, namely, first lawfully obtain a gun and then apply for a permit to carry it lawfully.

III
Defendant's next point is that his admission that he did not have a permit was inadmissible by reason of the failure of the police officers to give him the appropriate Miranda warnings. Cf. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). See, too, State v. Barnes, 54 N.J. 1 (1969), in explanation of Miranda.
The police officer, Monahan, testified that he had advised defendant of his constitutional rights prior to any statement by defendant. Monahan testified that he "told him that he was being placed under arrest. He had a right to remain silent and anything he did say would be held against him. That if he didn't have an attorney an attorney would be provided for him." These are the warnings required by Miranda. Monahan was asked on cross-examination if defendant told him that he did not have a permit and he answered: "Yes, sir, he did." Thus, the inculpatory admission was elicited by defendant's own attorney. Defense counsel made no objection, and no request was made to strike the admission.
Accordingly, this contention lacks merit.

*532 IV
Defendant alleges error in the remarks of the prosecutor in summation, in referring to the weapon as having been adapted for the use of a silencer. He argues that this was highly inflammatory and prejudicial to defendant's right to a fair trial.
During the direct examination of Detective Monahan by the State, the trial judge sustained an objection by defense counsel that Monahan not be allowed to comment on the fact that the barrel of the gun had been threaded to receive a silencer. However, on cross-examination, while defense counsel was attempting to impeach Monahan's credibility, he asked the officer to describe the gun. Monahan replied: "This is a Browning 6 clip, made in Belgium, 6 millimeter, 35 with a clip, with a muzzle threaded to receive a silencer." Defense counsel never asked that this answer be stricken, but continued to question Monahan's testimony as to the gun.
The trial judge permitted the prosecutor, over objection of defense counsel, to comment upon the gun as so described in Monahan's testimony. The jury had heard this testimony. We find no such impropriety in the remarks of the prosecutor to warrant a reversal by reason thereof.

V
Defendant's final claim of error is that the trial court's failure to grant an adjournment to defendant's newly assigned counsel was an abuse of discretion and effectively denied defendant a fair trial.
"The granting of trial adjournments rests within the sound discretion of the trial court. Absent an abuse of discretion, denial of a request for an adjournment does not constitute reversible error." State v. Smith, 87 N.J. Super. 98, 105 (App. Div. 1965). We find no abuse of discretion in the instant case. On the contrary, the trial court was justified in denying further delay of the trial, based upon all the circumstances herein as revealed by the record before us. There *533 has been no showing herein that defendant was prejudiced by denial of the request for an adjournment. Cf. State v. Motley, 251 S.C. 568, 164 S.E.2d 569 (Sup. Ct. S.C. 1968). In fact, the record reveals that he was ably defended by experienced counsel.
Finding no valid ground for reversal in any of the claims asserted on behalf of defendant, the judgment of conviction is affirmed.