**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1680-20

CONCERNED RESIDENTS OF
ENGLEWOOD CLIFFS, INC.,

    Plaintiff-Appellant,

v.

BOROUGH OF ENGLEWOOD
CLIFFS, LISETTE DUFFY,
MARIO KRANJAC, GLORIA OH,
EDWARD AVERSA, DEBORAH
TSABARI, JIMMY SONG,
WILLIAM WOO, and RAMON
FERRO,

    Defendants-Respondents,

and

800 SYLVAN AVENUE, LLC and
THE FAIR SHARE HOUSING
CENTER,

    Intervenors-Respondents.

_____

Submitted March 3, 2022 – Decided March 11, 2022

Before Judges Alvarez, Haas, and Mawla.

On appeal from the Superior Court of New Jersey, Law Division, Bergen County, Docket No. L-7149-20.

Donald M. Doherty, Jr., attorney for appellant Concerned Residents of Englewood Cliffs, Inc.

King, Moench, Hirniak & Collins, LLP, attorneys for respondents Borough of Englewood Cliffs, Lisette Duffy, Mario Kranjac, Gloria Oh, Edward Aversa, Deborah Tsabari, Jimmy Song, William Woo, and Ramon Ferro (Eric M. Bernstein, on the brief).

Beattie Padovano, LLC, and Hill Wallack, LLP, attorneys for intervenor-respondent 800 Sylvan Avenue, LLC (Antimo A. Del Vecchio and Thomas F. Carroll, III, of counsel; Daniel L. Steinhagen, on the brief).

Fair Share Housing Center, attorneys for intervenor-respondent Fair Share Housing Center (Joshua D. Bauers, of counsel and on the brief; Bassam F. Gergi, on the brief).

PER CURIAM

Plaintiff Concerned Residents of Englewood Cliffs, Inc. appeals from the Law Division's January 11, 2021 order dismissing its action in lieu of prerogative writs against defendant Borough of Englewood Cliffs (the Borough) and a number of Borough officials. We affirm.

The Borough was a defendant in two affordable housing lawsuits brought against it by intervenors Fair Share Housing Center (FSHC) and 800 Sylvan

Avenue, LLC (800 Sylvan). On September 30, 2020, the Borough clerk scheduled a public meeting to be held on October 4, 2020, to enable the mayor and Borough Council to discuss this litigation. The clerk notified the public of the meeting by posting a meeting notice on the Borough's website and sending the notice to two newspapers. On October 1, 2020, the clerk posted the notice on the Borough's digital bulletin board. On October 2, the two newspapers published the meeting notice. On that same date, the Borough emailed the notice to a distribution list of over 1,300 Borough residents.

Because of the ongoing COVID-19 pandemic, the Borough could not hold an in-person meeting. Therefore, it arranged to conduct the meeting using the Zoom video-conferencing platform. The public notice stated:

> BOROUGH OF ENGLEWOOD CLIFFS, BERGEN COUNTY, NEW JERSEY, PUBLIC MEETING NOTICE, please take notice pursuant N.J.S.A. 10:4-9.1, a Special Meeting of the Mayor and Council of the Borough of Englewood Cliffs, New Jersey will be held on Sunday, October 4, 2020 at 2:00 PM via [Zoom]. Members of the public who wish to participate may do so by joining online or over the phone at 2:00 PM. The Special meeting is for the following purpose: resolution authorizing the Governing Body to go into Executive Session to discuss the following matters on Pending Litigation: COAH/Affordable Housing – In Re Borough of Englewood Cliffs, Docket No. BER-L-6119-15 and 800 Sylvan Avenue LLC v. Borough of Englewood Cliffs, Docket No. BER-L-69-18; A-4019-17T2.

3

> While in Executive Session, members of the public will be placed in a waiting room on [Zoom] until Executive Session is over.
>
> Once the Governing Body reconvenes, members of the public will be invited back into the [Zoom] meeting.
>
> Business may be discussed in executive and/or open session, and acted upon as allowed by law.
>
> Potential resolutions on all matters discussed in Executive Session including resolutions pertaining to the litigation matters above may be adopted when the Governing Body reconvenes in open session.
>
> Formal action may be taken.
>
> Lisette M. Duffy, RMC, Municipal Clerk.[1]

On October 4, 2020, the mayor called the meeting to order at 2:00 p.m. and then gave a lengthy statement concerning his views of the Council's decision to conduct a public meeting. At 2:20 p.m., the Council learned that the number of participants in the meeting had exceeded Zoom application's 100-participant capacity. Council staff immediately addressed this issue and, by approximately 2:35 p.m., had increased the meeting capacity to 500 participants. The Council

---

[1] The notice went on to set forth the Zoom platform link that that would connect members of the public to the meeting. It also provided a telephone number that individuals could use to join the meeting if they did not want to use a computer.

A-1680-20

did not conduct any business during the short time the staff needed to solve the problem.

When the meeting reconvened, the Council went into closed session for approximately three and one-half hours to discuss the pending litigation. The Council then reopened the meeting and announced it had developed a proposed settlement of the two matters. The Council provided the public with a summary of the settlements and then took comments from the public. At the end of the public comment period, the Council voted[2] to resolve both pieces of litigation and adopted resolutions memorializing these decisions. The meeting did not end until 2:20 a.m. on October 5, 2020.

Overall, 735 persons signed in and out of the meeting at various points. At one point, 334 persons were attending simultaneously. The 500-participant limit was never reached.

On November 30, 2020, plaintiff filed its complaint against the Borough and several of its officials. According to the complaint, plaintiff "is comprised of numerous residents of . . . Englewood Cliffs, dedicated to facilitating open government and enforcing honesty and integrity from Borough officials."

---

[2] The six-member Council voted three-to-two to settle both cases, and one member abstained from the vote.

Plaintiff alleged the Borough did not comply with the Open Public Meetings Act, N.J.S.A. 10:4-6 to -21 (the Act) in conducting the October 4, 2020 meeting. Plaintiff raised three specific contentions. First, it claimed the Borough erred by not providing for sufficient capacity at the beginning of the virtual meeting. Second, plaintiff asserted the Borough's notice of the meeting did not adequately advise the public how to make comments after they joined the virtual meeting. Finally, plaintiff argued the notice did not clearly apprise the public that the Borough was considering settling both litigation cases.

FSHC and 800 Sylvan moved to intervene in plaintiff's lawsuit and the trial court granted their motions. All the parties then consented to the matter proceeding in a summary manner under Rule 4:67-2. The trial court set a January 11, 2021 return date.

On January 10, 2021, plaintiff's attorney sent a letter to the trial court alleging the case was settled and no further proceedings were necessary. FSHC, 800 Sylvan, and the individual Borough defendants responded that they had never been approached with any proposed settlement. The Borough's attorney confirmed that the Borough had not yet reviewed or approved a settlement agreement involving plaintiff's complaint. Under these circumstances, the trial

6

court denied plaintiff and the Borough's request for an adjournment of the January 11, 2021 proceeding.

After considering the parties' contentions on that date, the trial court rendered a written decision rejecting all of plaintiff's arguments under the Act and dismissing the complaint. The judge found that the Borough's public meeting notice met all the requirements of the Act.

Plaintiff has now appealed. As it did before the trial court, it argues: (1) the Borough blocked an unknown number of people from attending the Zoom meeting; (2) the meeting notice did not comply with the Act or with regulations the Department of Community Affairs (DCA) adopted regarding the conduct of remote electronic meetings; and (3) the meeting notice did not adequately disclose the Borough was considering a settlement of the affordable housing litigation. Plaintiff also contends the trial court erred by denying its request to adjourn the January 11, 2021 proceeding. We disagree.

We generally defer to the factual findings of the trial court when there is substantial credible evidence in the record to support them. Rova Farms Resort, Inc. v. Invs. Ins. Co., 65 N.J. 474, 484 (1974). However, "[a] trial court's interpretation of the law and the legal consequences that flow from established

facts are not entitled to any special deference." <u>Manalapan Realty L.P. v. Twp. Comm. of Manalapan</u>, 140 N.J. 366, 378 (1995).

The Act "established procedures governing the conduct of meetings of public bodies." <u>Kean Fed'n. of Tchers. v. Morell</u>, 233 N.J. 566, 570 (2018). It made "explicit the legislative intent to ensure the public's right to be present at public meetings and to witness government in action." <u>Ibid.</u> (citing N.J.S.A. 10:4-7). "That legislative intent is balanced by an express recognition that public bodies must be allowed to exercise discretion in determining how to perform their tasks . . . ." <u>Ibid.</u> (citing N.J.S.A. 10:4-12(a)). The Act "should be 'liberally construed in order to accomplish its purpose and the public policy of this State.'" <u>McGovern v. Rutgers</u>, 211 N.J. 94, 99-100 (2012) (quoting N.J.S.A. 10:4-21).

Under the Act, "no public body shall hold a meeting unless adequate notice thereof has been provided to the public[,]" although there are statutory exceptions that do not relate to the issues here. N.J.S.A. 10:4-9. The Act defines "adequate notice" as "written advance notice of at least [forty-eight] hours, giving the time, date, location and, to the extent known, the agenda of any regular, special or rescheduled meeting, which notice shall accurately state whether formal action may or may not be taken[.]" N.J.S.A. 10:4-8(d).

A-1680-20

Applying these principles here, we discern no basis for disturbing the trial court's determination that the Borough complied with all of the Act's requirements. The Borough gave the public notice of the meeting forty-eight hours in advance, and the notice clearly stated the purpose of the event.

Contrary to plaintiff's bald assertion, the Borough did not deliberately set the Zoom meeting capacity at too low a figure in order to bar members of the public from participating in it. According to N.J.A.C. 5:39-1.4(a), a regulation the DCA promulgated to provide guidance for the conduct of virtual meetings, "[p]articipant capacity on the selected platform should be consistent with the reasonable expectation of the public body for public meetings of the type being held and shall not be limited to fewer than [fifty] public participants (beyond those persons required to conduct business at the meeting)." The Borough clerk certified that Council meeting attendance "averaged between [sixty] to [eighty-five] people since the Borough began conducting the meeting using the [Zoom] platform." Therefore, the Borough correctly began the meeting with a participant limit of 100 individuals.

When this limit was reached approximately twenty minutes into the meeting, the Council immediately stopped the meeting, and its staff increased the limit to 500 individuals. During the interim period, the application advised

anyone attempting to join the meeting to try again later. No further problems occurred as the total number of participants at any one time never exceeded 334. In addition, the Council did not conduct any business until the problem was rectified. Under these circumstances, the trial court properly determined the Borough did not violate the Act.

We also reject plaintiff's contention that the meeting notice did not adequately apprise the public how to access the virtual meeting and how to make public comments. The notice identified the Zoom link the public could use to join the meeting, and it also provided a telephone number for those individuals who preferred not to use a computer. As reflected in the meeting minutes, the Council considered over two dozen public comments before voting on the litigation settlements.

Plaintiff's argument that the Borough did not apprise the public the meeting might result in resolution of the litigation also lacks merit. The meeting notice specifically stated that "[p]otential resolutions on all matters discussed in Executive Session including resolutions pertaining to the litigation matters [involving FSHC and 800 Sylvan] . . . may be adopted when the Governing Body reconvenes in open session" and that "[f]ormal action may be taken." Therefore,

A-1680-20

the trial court correctly found that plaintiff's contention on this point lacked merit.

We are also satisfied the trial court did not abuse its discretion by denying plaintiff's request for an adjournment. See State v. D'Orsi, 113 N.J. Super. 527, 532 (App. Div. 1971). Contrary to plaintiff's assertion, it had not reached a final settlement with the Borough, the individual Borough officials, or the two intervenors prior to the January 11, 2021 oral argument. Therefore, there was no basis for adjourning the proceeding.[3]

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

[3] We also reject plaintiff's claim, raised for the first time on appeal, that the attorney representing the individual Borough officials was barred by a conflict of interest from representing them because he also previously represented the Borough in this matter. We will ordinarily decline consideration of an issue not properly raised before the trial court unless the jurisdiction of the court is implicated, or the matter concerns an issue of great public importance. Nieder v. Royal Indem. Ins. Co., 62 N.J. 229, 234 (1973). Neither situation exists here and, because plaintiff did not previously raise this issue, the record is plainly insufficient to permit appellate review. Moreover, the Borough and the individual officials all took the position that the Borough complied with all of the provisions of the Act. Thus, plaintiff's allegation that there was a disqualifying conflict of interest is belied by the record.

A-1680-20