**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3233-23

10 MILLPOND DRIVE, LLC,

    Plaintiff-Respondent,

v.

LAMSON AIRTUBES, LLC,

    Defendant,

and

SCOTT BEGRAFT,

    Defendant-Appellant.

_____

Argued May 8, 2025 – Decided May 21, 2025

Before Judges Mawla, Natali, and Vinci.

On appeal from the Superior Court of New Jersey, Law Division, Sussex County, Docket No. L-0491-19.

George T. Daggett argued the cause for appellant.

Thomas N. Gamarello argued the cause for respondent (Schenck, Price, Smith & King, LLP, attorneys; Thomas N. Gamarello, of counsel and on the brief).

PER CURIAM

Defendant Scott Begraft appeals from: (1) the April 26, 2024 order denying his motion to reinstate his counterclaim after it was dismissed with prejudice on March 11, 2024, for failure to appear at trial; and (2) the June 7, 2024 order denying his motion for reconsideration of the April 26 order. We affirm.

We summarized the facts relevant to defendant's counterclaim when we reversed a prior order dismissing that claim and remanded for trial. 10 Millpond Drive, LLC v. Lamson Airtubes, LLC, No. A-3301-21 (App. Div. Sept. 21, 2023) (slip op. at 2-6). The parties are familiar with those facts, and we need not repeat them here.

On November 27, 2023, the court entered an order, with the agreement of all parties, setting a peremptory trial date of March 11, 2024. The order provided there would be "[n]o adjournments for any reason." At the time the parties agreed to the March 11 trial date, defendant's counsel was aware defendant had pleaded guilty to criminal charges and was awaiting sentencing. On December 7, defendant was sentenced to six years in prison for second-degree possession of more than five pounds of marijuana with intent to distribute and other offenses.

On February 7, 2024, the court conducted a pretrial conference and "advised that arrangements would be made to have [defendant] produced for civil trial by his incarcerating facility." The court also stated "that any absence by [defendant] at the time of trial, such as by refusing transport, would be deemed a voluntary absence and his case would be dismissed."

On February 16, the court uploaded a letter to defendant's counsel on eCourts. It "confirmed the trial [would] commence on Monday, March 11, 2024," and provided:

> In the coming days, [the court] will be issuing to Bayside [State Prison] an [o]rder to [p]roduce [defendant] for trial on March 11, 2024. However, as this is a civil litigation, [defendant] will be required to pay the cost of his transport to and from court at a cost of $1,312.34 each way. The court has confirmed that [defendant] may be housed at Morris County Correctional Facility during the trial at no cost to [defendant].
>
> Please be advised that payment for [defendant's] transport must be received by Bayside by 10[:00] a.m. on Thursday, March 7, 2024. . . .
>
> Please make all necessary arrangements in a timely manner to ensure that [defendant] is present for the trial of his counterclaim[].

On February 20, the court entered an order to produce defendant for trial.

On February 22, defense counsel requested the trial be adjourned until defendant

was released from custody. Counsel asked the court withdraw "the [o]rder to [p]roduce" to accommodate the adjournment request and

> [a]lso, because the [o]rder is captioned "<u>State of New Jersey v. Scott P. Begraft</u>." This is not "<u>State of New Jersey v. Scott P. Begraft</u>." This is a civil action. The matter of "<u>State of New Jersey v. Scott P. Begraft</u>" is completed. What concerns me is that the [o]rder to [p]roduce is false. My experience is that prisoners will not be transported for civil actions. Therefore, the [o]rder to [p]roduce is fraudulent. And made for the purpose of producing a litigant under the guise of a criminal case to attend a civil case.

On February 26, the court issued an amended order to produce. On February 27, the court uploaded a letter on eCourts denying the adjournment request and advising counsel "the [o]rder to [p]roduce has been modified to reflect the caption of the civil matter[,] and the court has confirmed with Bayside State Prison that it will be honored, subject to your client's payment of the required transportation cost[.] (See February 16, 2024 correspondence)."

Defendant thereafter uploaded several letters requesting the trial be adjourned. On March 5, the presiding judge entered an order denying his adjournment request. On March 7, counsel requested she reconsider her decision to deny the adjournment. He advised the judge he "had no contact with [his] client. The person who was the contact has disappeared[,] and [he had] no

way to prepare this case." "This case cannot be tried next week. It is not ready and cannot be ready on Monday."

On March 8, counsel advised the presiding judge he had spoken to defendant and "there is another problem. If he is removed from the prison and brought to [c]ourt, when he goes back, he will be in maximum security." He contended "the case is just too complicated to try . . . under these circumstances."

On March 11, counsel appeared for trial without defendant who had not been transported because he failed to pay the transportation fee as directed. Counsel contended he "did[ not] see [the court's] letter. [He] certainly would[ have] paid it, but [his] impression was that it gets paid after the transport, but obviously, that[ is] not how it goes."

The court entered an order dismissing the counterclaim with prejudice for "failure to appear for trial on the peremptory trial date" supported by an oral opinion. It determined:

> Defendant and his counsel's failure to follow through with the transport by refusing to pay same . . . was a voluntary action. [Defendant], who could[ have] been here, has voluntarily absented himself from trial as this [c]ourt views it at this juncture[,] and his absence and acknowledging the . . . March 5[] order denying his adjournment request, the [c]ourt now dismisses . . . defendant's [counter]claim[].

5

Defendant moved to reinstate his counterclaim.  He did not request oral argument.  On April 26, 2024, the court entered an order denying the motion to reinstate supported by a written opinion.  It found:

> Defendant's failure to appear at trial was not due to an exigent or unforeseeable circumstance.  . . . Defendant and[] his counsel failed to independently arrange transportation for trial and, after court personnel expended time and resources to confirm the process for [d]efendant's transport and issued an [o]rder to [p]roduce, [d]efendant failed to follow this court's instruction to pay the required transportation fee.  That [d]efendant and his counsel were not attuned to this issue defies credulity.
>
> . . . .
>
> This [c]ourt rejects . . . counsel's argument that [the] counterclaim[] should be reinstated . . . because he did not "see the letter" from the court directing that transportation costs were to be paid by [d]efendant.  On March 11, 2024, [d]efendant's counsel indicated that he did not see this court's February 16, 2024 letter.  He did not indicate that he did not see this court's second letter dated February 27, 2024, which specifically referenced the February 16, 2024 letter and independently referenced [d]efendant's obligation to pay the transport fee.
>
> Defendant uploaded no less than eight letters to eCourts and numerous other documents between February 2, 2024 and March 11, 2024.  The court rejects that [d]efendant's counsel may direct communications with the court and others through eCourts but should not be held accountable to review correspondence directed to him through eCourts.

6

A-3233-23

. . . .

> . . . Defendant's counsel cannot be excused for his failure to review two . . . letters from the court posted on eCourts in the days [and] weeks leading up to trial, especially when [d]efendant's counsel is communicating with the court through eCourts requesting that the court respond to his repeated adjournment requests.
>
> What is clear from the record is that [d]efendant's counsel made numerous attempts to adjourn the trial, and when the court denied his requests, [d]efendant failed to pay the transportation fee required for his attendance at the . . . trial.

The court determined "[w]hile the precise basis of [d]efendant's . . . motion to reinstate . . . is unknow[n], if analyzed as a motion for reconsideration . . . under R[ule] 4:49-2, [d]efendant's motion is denied." "Defendant's motion fails to state with specificity the basis on which it is made, including a statement of the matters or controlling decisions that counsel believes the court has overlooked or as to which it has erred."

The court also found "[t]o the extent [d]efendant's application seeks relief under R[ule] 4:50-1, [the] motion is denied." "[C]ounsel failed to submit a brief in support of his request for relief as required by the [Rule]. Accordingly, this court is unaware of the basis for his requested relief."

A-3233-23

"However, assuming that . . . counsel is asserting . . . his failure to read the court's communication(s) regarding [d]efendant's obligation to pay transportation fees constitutes excusable neglect, this court rejects that argument."  "While perhaps it could be excusable neglect to not see one letter from the court, the court rejects that it is excu[s]able neglect to not see two letters from the court, both of which advised . . . counsel of [d]efendant's obligation to arrange for the payment of transportation fees."  That "would not be compatible with reasonable prudence."

Defendant moved for reconsideration.  He argued "there are changed circumstances so that the [c]ourt's original [o]rder and the [o]rder denying relief are no longer based on reality.  [The r]eality is that the [c]ourt can schedule the matter for trial and [defendant] can be there because he is in a halfway house, which means he is half[-]way released."  "R[ule] 4:50-1 contemplates the kind of mistake that was made in connection with this case, and in the interest of justice, the technicalities advanced by . . . [p]laintiff should be ignored."

On June 7, the court entered an order denying the motion supported by a written opinion.  It held the motion was procedurally deficient and denied it substantively for the reasons set forth in the April 26 order.

On appeal, defendant argues "[p]rinciples of [f]airness [s]hould [g]uide the [c]ourt's [r]eview of this [m]atter."  Specifically, "cases should be won or lost on the merits and not because litigants have failed to comply precisely with particular [c]ourt schedules unless such non-compliance was purposeful[,] and no lesser remedy was available."

We review a decision on a motion for reconsideration of a final judgment or order pursuant to Rule 4:49-2 for an abuse of discretion.  Branch v. Cream-O-Land Dairy, 244 N.J. 567, 582 (2021); Kornbleuth v. Westover, 241 N.J. 289, 301 (2020).  Such motions are "within the sound discretion of the [c]ourt, to be exercised in the interest of justice."  Cummings v. Bahr, 295 N.J. Super. 374, 384 (App. Div. 1996) (quoting D'Atria v. D'Atria, 242 N.J. Super. 392, 401 (Ch. Div. 1990)).  An abuse of discretion "arises when a decision is 'made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis.'"  Flagg v. Essex Cnty. Prosecutor, 171 N.J. 561, 571 (2002) (quoting Achacoso-Sanchez v. Immigr. & Naturalization Serv., 779 F.2d 1260, 1265 (7th Cir. 1985)).

Reconsideration should be granted only in those cases that "fall into that narrow corridor in which either [(]1) the [c]ourt has expressed its decision based upon a palpably incorrect or irrational basis, or [(]2) it is obvious that the [c]ourt

9

either did not consider, or failed to appreciate the significance of probative, competent evidence." Cummings, 295 N.J. Super. at 384 (quoting D'Atria, 242 N.J. Super. at 401-02). "A litigant should not seek reconsideration merely because of dissatisfaction with a decision of the [c]ourt." D'Atria, 242 N.J. Super. at 401.

Likewise, "[t]he decision granting or denying an application to open a judgment [pursuant to Rule 4:50-1] will be left undisturbed unless it represents a clear abuse of discretion." Hous. Auth. of Morristown v. Little, 135 N.J. 274, 283 (1994). Relevant to this appeal, Rule 4:50-1 allows a trial court to relieve a party from a final judgment or order for: "(a) mistake, inadvertence, surprise, or excusable neglect; . . . or (f) any other reason justifying relief from the operation of the judgment or order."

To obtain relief under Rule 4:50-1(a), the moving party must demonstrate excusable neglect. Mancini v. EDS ex rel. N.J. Auto. Full Ins. Underwriting Ass'n, 132 N.J. 330, 334 (1993). "'Excusable neglect' may be found when the default was 'attributable to an honest mistake that is compatible with due diligence or reasonable prudence.'" U.S. Bank Nat. Ass'n v. Guillaume, 209 N.J. 449, 468 (2012) (quoting Mancini, 132 N.J. at 335).

"Because of the importance that we attach to the finality of judgments, relief under Rule 4:50-1(f) is available only when 'truly exceptional circumstances are present.'"  Hous. Auth. of Morristown, 135 N.J. at 286 (quoting Baumann v. Marinaro, 95 N.J. 380, 395 (1984)).

It was not an abuse of discretion for the court to dismiss defendant's counterclaim with prejudice under the circumstances presented here.  "A court may exercise broad discretion in controlling its calendar."  State v. Kates, 426 N.J. Super. 32, 45 (App. Div. 2012), aff'd o.b., 216 N.J. 393 (2014).  We will not disturb a discretionary ruling unless it was "clearly unreasonable" and "prejudice[ed] . . . the rights of the party complaining."  Smith v. Smith, 17 N.J. Super. 128, 133 (App. Div. 1951).  Similarly, a "trial court's decision to grant or deny an adjournment is reviewed under an abuse of discretion standard."  State ex rel. Com'r of Transp. v. Shalom Money Street, LLC, 432 N.J. Super. 1, 7 (App. Div. 2013) (citing State v. D'Orsi, 113 N.J. Super. 527, 532 (App. Div. 1971)).

We discern no basis to disturb the court's finding defendant's claim he was not aware of the requirement to pay the transport fee before trial "defies credulity."  That requirement was clearly set forth in the court's February 16, 2024 correspondence and reiterated in its February 27 correspondence.  Nor do

we see any reason to disturb the court's finding the failure to read two letters from the court uploaded to eCourts eleven days apart can support a claim of excusable neglect. As the court aptly noted, "it would not be compatible with reasonable prudence" to do so.

We are satisfied the court properly denied defendant's motion to reinstate. He did not set forth a viable basis to seek reconsideration of a final judgment. There is no reason to conclude the court "expressed its decision based upon a palpably incorrect or irrational basis," or that it "either did not consider, or failed to appreciate the significance of probative, competent evidence." See Cummings, 295 N.J. Super. at 384 (quoting D'Atria, 242 N.J. Super. at 401-02).

Nor did defendant set forth a meritorious basis for relief from a final judgment pursuant to Rule 4:50-1(a) or (f). Attorney carelessness, lack of diligence, and inadvertence are "insufficient grounds for the establishment of excusable neglect" as required by Rule 4:50-1(a). Burns v. Belafsky, 326 N.J. Super. 462, 471 (App. Div. 1999), aff'd, 166 N.J. 466 (2001); see also SWH Funding Corp. v. Walden Printing Co., 399 N.J. Super. 1, 10 (App. Div. 2008) (finding "Rule 4:50-1(a) relief [was] not available, because inadvertence of counsel alone is insufficient, as a matter of law, to establish 'excusable neglect'"). Defendant cannot demonstrate the type of "truly exceptional

12

circumstances" contemplated by <u>Rule</u> 4:50-1(f).  <u>Hous. Auth. of Morristown</u>, 135 N.J. at 286 (quoting <u>Baumann</u>, 95 N.J. at 395).

The court properly denied defendant's motion for reconsideration of the April 26 order.  He did not set forth a meritorious basis for reconsideration.  Instead, he improperly sought to reargue the motion to reinstate because he was dissatisfied with the court's decision.

We are persuaded the court appropriately exercised its broad discretion in controlling its calendar by dismissing defendant's counterclaim with prejudice.  The court did not misapply its discretion by denying defendant's motions to reinstate and for reconsideration.

Affirmed.

I hereby certify that the foregoing is
a true copy of the original on file in
my office.

M.C. Harley

Clerk of the Appellate Division

A-3233-23